IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LATIA DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:24-cv-00606 |
| SAFELITE, et al., | ) JUDGE CAMPBELL |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Latia Davis, a Tennessee resident proceeding pro se, has filed a Complaint against Safelite, Juan Garcia, Kelsey Jones, and Dennis Gibson, for violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. (Doc. No. 1.) Plaintiff has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

### I. APPLICATION TO PROCEED IFP

Plaintiff's IFP application lists monthly expenses that approximate her monthly income, and therefore sufficiently demonstrates that she cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *see also*, *e.g.*, *Shannon v. Omni Logistics LLC*, No. EP-23-CV-384-KC, 2023 WL 8113826, at *1 (W.D. Tex. Nov. 22, 2023) (stating that "IFP status does not require absolute destitution," but should be based on consideration of "whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life") (citation omitted). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

### II. INITIAL REVIEW

The Court must conduct an initial review and dismiss the Complaint if it is frivolous,

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In making the plausibility determination, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 144 S. Ct. 1316, 2024 WL 2751216, at *3 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must also afford the pro se pleading a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

Plaintiff alleges that, during her employment with Safelite, she was trained by Kelsey Jones. On March 29, 2023, Jones "decided to call another African American male the N-word." (Doc. No. 1 at 5.) When Plaintiff reported this incident to her supervisor, Juan Garcia, "[h]is words were[:] I will never cross paths or work with her again." (*Id.*) Plaintiff "eventually" complained to HR and Dennis Gibson, but nothing was done. Gibson stated that "it would be Kelsey Jones['] word against [Plaintiff's]," and he asked why Plaintiff had waited so long to report the issue, though Plaintiff alleges she reported it to Garcia the same day. (*Id.*) Plaintiff alleges that, prior to

these managers' inadequate responses to her complaints, she had been promoted at Safelite and was willing to move to a management role, but that "[a]fter careful evaluation [she] felt targeted[,] . . . neglected and mishandled," and "it started to affect [her] mental status." (*Id.* at 6.) She separated from Safelite because she felt unprotected there and felt that her job was at stake. (*Id.*) Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission, which is attached to the Complaint. (*Id.* at 7–10.)

Plaintiff does not allege that she was terminated, demoted, not promoted, or that she suffered any other discrete adverse employment action. She does, however, allege that discriminatory acts occurred on thirteen separate occasions between March and December of 2023 (Doc. No. 1 at 4), potentially supporting a hostile work environment claim. While a single utterance of a racial epithet in the workplace will not typically support such a claim, *see Davis v. Monsanto Chem. Co.*, 858 F.2d 345, 349 (6th Cir. 1988) (requiring "repeated slurs" to establish a racially hostile work environment), the Sixth Circuit has also recognized that a plaintiff's work environment may be impacted by "evidence of racial harassment directed at someone other than the plaintiff when the plaintiff knew a derogatory term had been used," or even "second-hand [knowledge] of a racially derogatory comment or joke by a fellow employee or supervisor." *Jackson v. Quanex Corp.*, 191 F.3d 647, 661 (6th Cir. 1999) (citations omitted). At this early stage, the Court will allow Plaintiff's discrimination claims to proceed.[1]

### III. FURTHER PROCEEDINGS

As explained above, the Complaint states a nonfrivolous claim that will proceed for further development. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank

---

[1] The Complaint is devoid of factual allegations supporting Plaintiff's claim of age discrimination. However, in an abundance of caution, and because her claim of racial discrimination will proceed to discovery, the Court will not at this time dismiss the age-discrimination claim.

3

summons and USM 285 form) for each of the four named Defendants. Plaintiff **MUST** complete the four service packets and return them to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

The above determination that the Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiff is cautioned that she must keep the Court informed of her current address at all times. Noncompliance may result in dismissal of this action for failure to prosecute. See Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the court's website. See https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE